[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11638

_____

D.C. Docket No. 06-00312-CV-J-20-MCR

ORIX FINANCIAL SERVICES, INC., formerly known as Orix
Credit Alliance, Inc.,

Plaintiff-Appellee,

versus

WATER & SEWER UTILITY CONSTRUCTION, INC.,
ROD & ROD, INC.,
JOHN L. RODGERS,
CHARLES F. RODGERS,
CHARLES F. RODGERS, as tenancy by the entirety,
as co-trustee of the Charles/Laura Trust,
LAURA S. RODGERS, as tenancy by the entirety,
as co-trustee of the Charles/Laura Trust,
JOHN L. RODGERS, as tenancy by the entirety,
RESSA C. RODGERS, as tenancy by the entirety,
FOUR-A CONSTRUCTION , INC., a Florida corporation owned by the
daughters of John and Ressa, and of which John serves as the
sole officer and/or director,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 18, 2008)**

Before EDMONDSON, Chief Judge, HILL and ALARCON,[*] Circuit Judges.

PER CURIAM:

In 2002, appellee Orix Financial Services, Inc. (Orix or creditor) obtained a default judgment in the amount of $337,821.26, against appellants Water and Sewer Utility Construction, Inc., Rod & Rod, Inc., John L. Rodgers (JLR) and Charles F. Rodgers (CFR), (collectively debtors), in a New York federal district court. In 2003, Orix registered that $337,821.26 default judgment in Florida federal district court. In 2005, the Florida district court granted Orix's motion for writ of garnishment, directed to Vystar Credit Union (Vystar). Vystar answered the writ by itemizing the debtors' various checking, savings and trust accounts.

On May 11, 2005, the debtors filed affidavits of exemption claiming that the accounts were exempt on the basis that they were: (1) proceeds from social security benefits; (2) trust accounts; and/or (3) accounts held by husbands and

_____

[*]Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

wives as tenants by the entirety. On May 13, 2005, Orix filed a written objection to the affidavits.

On May 17, 2005, the debtors filed a motion seeking to dissolve the writ, claiming again that the accounts garnished by Orix were exempt from garnishment. On May 19, 2005, Orix filed a response to the debtors' motion and the procedural finger-pointing began.

Orix claimed that the debtors failed to comply with Fla. Stat. § 77.041(1) (2005), which requires that a claim form be filed together with each affidavit. The debtors claimed that Orix failed to comply with Fla. Stat. § 77.041(3) (2005) because it failed to file its objection within two business days after receipt of the claim.

After hearing, the magistrate judge construed the debtors' original affidavits of exemption as the requisite claims of exemption. It construed Orix's objection as timely filed within two business days and denied the debtors' motion for summary judgment. The writs of execution issued on March 22, 2006. The next day Orix filed a motion for proceedings supplementary to execution and for impleader of third parties, as defendants in execution pursuant to Fla. Stat. § 56.29

(2005).**

The district court granted Orix's motion and held an evidentiary hearing to determine whether amounts frozen by Vystar were subject to garnishment as either the proceeds of fraudulent transfers from CFR or from JLR, or, were exempt from garnishment because they were either proceeds from social security benefits, trust property or property held as tenants by the entirety. At hearing, evidence was presented by both the creditor and the debtors to enable the district court to determine whether the frozen Vystar monies should be released to the respective account holders or to Orix, and, whether any of the debtors should account to Orix as a recipient of a fraudulent transfer.

The district court issued its findings of facts and conclusions of law on March 29, 2007. The next day judgment was entered against CFR and his wife, as co-trustees of the revocable trust, in the amount of $57,933.32, on account of transfers to the trust; against JLR and his wife, as tenants by the entirety, in the amount of $69,374.68, on account of voidable transfers made by JLR; and against Four-A, in the amount of $30,000, on account of a voidable transfer. The district court ordered Vystar to pay the amounts frozen in the debtors' respective checking

---

** The impleaded defendants were JLR and his wife, as tenants by the entirety; CFR and his wife, as tenants by the entirety; CFR and his wife, as co-trustees of a revocable trust; and Four-A Construction, Inc. (Four-A), a trust corporation solely controlled by JLR.

accounts and trust accounts to Orix.

The debtors now appeal the judgment of the district court. They raise the following five issues on appeal:

1. Whether, under *de novo* review, the district court correctly determined that Orix complied with the procedural statutory requirements of Fla. Stat. §§ 77.041(3) and 77.061 (2005) in order to prosecute the writ of garnishment, by filing an unsworn statement, and not a sworn statement, to the debtors' affidavits of exemption.

2. Whether the district court was clearly erroneous in applying a four-year statute of limitations to the avoided transfers, and clearly erroneous in finding that the action to avoid the transfers was commenced within one year of the transfers.

3. Whether, under *de novo* review, the district court correctly applied Florida trust and homestead law in avoiding transfers to, and entering judgment against, CFR and his wife, as co-trustees of a revocable trust.

4. Whether, under *de novo* review, the district court correctly avoided transfers to, and entered judgment against, JFR and his wife, as tenants by the entireties for the entire amount avoided, and not the lesser amount garnished.

5. Whether the district court was clearly erroneous in concluding that the Four-A transfer was made with actual intent to defraud.

5

We have carefully studied the entire record in this appeal, including the briefs and the arguments of counsel at oral argument. We find each of these five issues to be without merit. Finding no error, the judgment of the district court is AFFIRMED.